**Andrew D. MIELKE, Plaintiff,**

v.

**ANR FREIGHT SYSTEM, INC., Defendant.**

**Civ. A. No. 88–CV–40080–FL.**

United States District Court, E.D. Michigan, S.D. Flint.

June 9, 1989.

Lawrence A. Hurlburt and John I. Tsiros, Saginaw, Mich., for plaintiff.

F.R. Damm and Michael J. Tauscher, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendant's Motion for Summary Judgment, April 10, 1989. For the reasons stated below this motion is GRANTED.

This is a *Toussaint* action that raises a unique issue. It is not whether an employer's policy can be interpreted as changing the traditional common law relationship of an employee as one of an at-will employment to one of discharge only for just cause, but, rather, whether the alleged policy was ever actually the policy of the employer.

The employee, after many years of employment and after superiors had repeatedly expressed great dissatisfaction with his performance, was advised by a co-employee that he would be discharged very soon. He then went to the local office, looked through the employer's policy manual, and found a copy of the "policy" upon which he relies in this case.

The defendant denies that the company ever adopted the policy and presents unrebutted testimony of a number of employees establishing overwhelmingly that it never had, in fact, been adopted. Plaintiff, as noted, has presented no evidence in opposition to that of the defendant on this issue and merely relies on his own testimony that he found the policy in the employer's manual in the Flint office.

It is necessary to note several principles. First, if an actual "just cause" contract provision is established, recovery does not depend on a plaintiff's awareness of the content thereof. (The most obvious example is that of a collectively bargained contract. An employee is bound by and has the benefits of that agreement regardless of whether he can claim actual reliance upon any particular term or terms thereof).

On the other hand, for a *Toussaint* contract to be found, it is necessary for the employee to rely on something more than a mere subjective expectancy. The employee asserting a "just cause" contract must show evidence that the employ-

er has taken action(s) or position(s) that would lead the employee, as a reasonable person, to believe that the employee would not be discharged except for just cause. This is a contract implied-in-fact, or, as sometimes analyzed, a contract by estoppel. While it is still true in the *Toussaint* area that the employee need not know of the specific contractual provision, certain knowledge is nevertheless important: the employee must be aware of sufficient employer-generated facts or positions from which the employee reasonably can assume his right to be free of discharge except for just cause. In the *Toussaint* area, therefore, something must come from the employer to the employee such as to justify the conclusion that the employee urges.

■ In this case we have knowledge of a policy, apparently transmitted in error to the local office, that turns out never to have been adopted by the employer. Neither the defendant employer nor the plaintiff employee can explain how the "policy" came to be in Flint and in the office manual.

The circumstances in this case are that the plaintiff was a long-time employee and, for most of his employment, was not aware of any policy that limited discharge to just cause only, in a business in which he knew there was rapid and frequent turnover and discharge of employees at his supervisory level. Plaintiff had no idea that such a policy existed until after he was advised that he would soon be discharged for deficiencies in his work performance as perceived by his superiors. Only then did he find the "policy" in the local manual.[1] Plaintiff thus has established *prima facie* the existence of the policy, by his testimony that he found it in the Flint office's manual. The defendant, however, has presented overwhelming evidence that the policy was neither adopted nor disseminated to the company's offices for implementation. On these facts, the Court concludes that plaintiff had a mere subjective expectancy on which *Toussaint* rights cannot be based, plaintiff having failed to establish the policy's existence and distribution to a point at which reliance thereon was justified. The *Anderson v. Liberty Lobby*[2] and *Celotex*[3] cases authorize the granting of defendant's summary judgment motion in a case like this may be granted because there is really no contrary evidence that the "policy" was adopted.

The facts here are similar to a hypothetical case in which a promissory note inadvertently falls on the floor from one's desk and the janitor delivers it erroneously to the named payee, when the maker never intended physically to transfer or deliver it. Under the law, the note would have no effect and recovery thereon would be denied, as it was never delivered.

Here, a paper was in a book, where it should not have been, and where it was obviously erroneously placed. If the plaintiff had seen it and relied upon it prior to the employer's determination to discharge him, or had been led to believe while he was performing his services that this was indeed the policy, then a different result may well be reached, but where he only discovers the non-policy after being informed of his pending discharge, there is no reason to imply a contract provision a la *Toussaint*. During the performance of his work there was no reliance of any kind upon something the employer generated that would have reasonably led him to believe that he would not be discharged but for just cause. In other words, it seems to the Court that when the employee becomes

---

1. In an affidavit appended to his responsive brief and nowhere else in other prior testimony, plaintiff testified that, early in his employment as Saginaw terminal manager for ANR's predecessor, he had been responsible for maintaining the company procedures manual. He testified that, from his experience at that time, he remembered that there had been policies governing terminations in place as of then. Close to the time that he was fired, plaintiff asserted, it was that memory that prompted him to search out the current manual and its contested "policy." The Court rejects this affidavit, however, for the reasons set forth in defendant's Reply at 5–9 and as stated in *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir.1986).

2. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

3. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

aware of the objective manifestations of the employer's "policy" only after he becomes aware that he was going to be discharged for his past conduct or misconduct, then knowledge of a purported policy cannot serve as a basis for a *Toussaint* claim, *unless it really was the policy of the employer.* As it was not here, summary judgment in defendant's favor is accordingly appropriate, is GRANTED, and shall be entered.

SO ORDERED.